UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09CV-661-H

TEXAS CAPITAL BANK, N.A., et al.,                                                   PLAINTIFFS

V.

FIRST AMERICAN TITLE INSURANCE CO.,                                          DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Texas Capital Bank and its insurers (collectively, "Texas Capital" or "Plaintiffs") brought this action against First American Title Insurance Company ("First American" or "Defendant") for recovery of Texas Capital's $1.9 million that First American transferred to a third party, Bounmy Phouthavong ("Phouthavong"), an officer at a residential mortgage loan company. Phouthavong constructed a scheme of fake home mortgage applications by which she caused Texas Capital to wire money to First American and then convinced First America that the funds were wired by mistake and should be transferred to her. Plaintiffs allege Defendant held those funds in bailment and only had permission to use the money to close specified home mortgage transactions or return the money to Texas Capital.

I.

Texas Capital's original Complaint alleged various causes of action based on the same underlying conduct, but after the parties filed and briefed cross-motions for summary judgment only Plaintiff's claim for a breach of an implied bailment contract remains. However, before the Court had issued its opinion on those motions, Texas Capital filed a motion seeking leave to file a Second Amended Complaint to add a count for conversion. The proposed Second Amended

Complaint is otherwise identical to the First Amended Complaint. Plaintiffs' filing came prior to the deadline for amendment of pleadings the Court set in its April 22, 2011 order from the scheduling conference.

The Federal Rules provide that a party seeking to amend its pleadings for a second time must have the opposing party's consent or seek leave from the court, but that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). First American opposes granting such leave because of Plaintiffs' undue delay, the undue prejudice amendment would cause First American, and the proposed amendment would be futile. *See Seals v. Quarterly Cnty. Court*, 526 F.2d 216, 219 (6th Cir. 1975) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)). None of these arguments persuade the Court to deny Plaintiffs leave to file their Second Amended Complaint.

## II.

First American argues that Texas Capital could have included a claim for conversion much earlier in the course of litigation. Although this is undoubtedly true, Plaintiffs filed their Second Amended Complaint by the deadline set by this Court. Meeting this deadline warrants a presumption that any delay in filling the amendment was not undue and Defendant has not pointed to any circumstances that would rebut that presumption.

Similarly, meeting the deadline for amending pleadings undermines any argument First American makes as to undue prejudice. First American points out that the amendment comes after extensive discovery, depositions, and summary judgment motions. However, all parties knew and agreed to the possibility of amended pleadings coming at this point in the litigation when they filed their Rule 26 report and when the Court ordered a litigation schedule.

Defendant claims allowing amendment would force them to conduct new discovery, but this does not constitute undue prejudice because the litigation schedule provided for discovery well after the deadline for amended pleadings.

Finally, First American argues the amendment would be futile because the proposed conversion claim could not survive a dispositive motion. The claim would either be barred by the statute of limitations, Defendant contends, or dismissed at summary judgment because the undisputed facts fail to meet the required elements of a conversion claim. Although the Court declines to decide these issues without proper briefing, it does not find the conversion claim to be futile. The statute of limitations is unlikely to defeat the conversion claim because the Federal Rules allow a new claim to relate back to the date of the original pleading when it is based on conduct set out in the original pleading. Fed. R. Civ. P. 15(c)(1)(B). Since Texas Capital filed the original complaint within a year of the relevant events, the two-year statute of limitations in Ky. Rev. Stat. § 413.125 would not bar the claim.

First American argues the amendment to add a conversion claim is also futile because Texas Capital cannot demonstrate a necessary element of conversion: the defendant converted the property to its own use and beneficial enjoyment. *See Kentucky Ass'n of Cntys. All Lines Fund Trust v. McClendon*, 157 S.W.3d 626, 632 n.12 (Ky. 2005). However, Texas Capital identifies authority suggesting defendant's use of the converted property is not an essential element and argues the conversion benefitted First American because it was done in the course of its business. Without deciding these issues, the Court finds the conversion claim would not be futile.

III.

3

Kentucky case law and that of other jurisdictions shows conversion claims often flow from alleged breaches of a bailee's duties towards a bailor. *See, e.g.*, 4 William B. Bardenwerper, et. al, *Kentucky Practice Series Methods of Practice* § 1:11 (4th ed. 2011) (describing conversion by bailee and citing cases); 8A Am. Jur. 2d *Bailments* § 70 (2009) ("a bailee who makes an unauthorized delivery of bailed property is liable to the bailor for conversion"); Restatement (Second) of Torts § 234 (1965) (bailee who makes unauthorized delivery liable for conversion). It appears that if the conversion claim stands, the central issue in its disposition will be the same issue identified in this Court's previous order: "whether First American Title properly discharged its duties under the bailment by disposing of the funds according to Texas Capital's instructions." *Texas Capital Bank, N.A. v. First Am. Title Ins. Co.*, No. 3:09CV-661-H, 2011 WL 4500621, at *5 (W.D.Ky. Sept. 27, 2011). First American only converted Texas Capital's property if it did not have permission to transfer the funds to Phouthavong. Adding the count for conversion does not appear to change the course of this litigation in any significant way, including the Court's prior ruling as to the inapplicability of an apportionment instruction. Since leave to amend is to be freely given and Texas Capital filed the Second Amended Complaint by the deadline previously set, the Court will allow the amended pleading.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiffs' motion for leave to file their Second Amended Complaint is SUSTAINED.

cc: Counsel of Record